# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

Lyle W. Cayce
Clerk

No. 10-30968
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BEATO REYNOSO, also known as Juan Carlos Acevedo Rodriguez, also known
as Hommy S. Martinez, also known as Juan Diaz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CR-115-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Beato Reynoso pleaded guilty to illegal reentry
following deportation after conviction of an aggravated felony, in violation of 8
U.S.C. § 1326(a), (b)(2). The district court sentenced him to 70 months in prison,
which was at the bottom of the advisory guidelines range of 70 to 87 months in
prison. In this appeal, Reynoso argues that the district court erred when it
denied his motion to continue the sentencing hearing and when it failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adequately to explain the sentence imposed. Reynoso also claims that his sentence is substantively unreasonable because it fails to reflect the extent of his cooperation with the government.

In support of his motion to continue, Reynoso focused on his past cooperation, which was deemed not substantial by the government, to argue that his future cooperation would be significant and that, as a result, the government would file a motion for downward departure under U.S.S.G. §5K1.1. Because the court had no evidentiary basis on which to support a determination that Reynoso's continued cooperation would result in future substantial assistance, the sentencing court cannot be said to have abused its discretion in denying Reynoso's motion to continue. *United States v. Peden*, 891 F.2d 514, 519 (5th Cir. 1989). Neither can Reynoso show that he was prejudiced by the district court's denial of his motion simply because, had he continued to cooperate with the government following his sentencing hearing, the government might have filed a post-sentencing motion to reduce his sentence. *See* FED. R. CRIM. P. 35(b); *United States v. Lopez*, 26 F.3d 512, 516-17 (5th Cir. 1994); *Peden*, 891 F.2d at 519.

Reynoso also asserts that the district court failed adequately to explain why it rejected his arguments for a lesser sentence based on his cooperation with the government. He further contends that his sentence is unreasonable because it fails to reflect his cooperation with the government. As Reynoso failed to raise these claims in the district court, we review them for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, the appellant must identify a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

No. 10-30968

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we first examine whether the district court committed any procedural errors, "such as . . . failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. "The district court must adequately explain the sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Mondragon-Santiago*, 564 F.3d at 360 (internal quotation marks and citation omitted).

In the instant case, almost the entire sentencing hearing was devoted to Reynoso's assertions regarding his cooperation with the Government, with the district court specifically indicating that it would consider them. Furthermore, in imposing the sentence, the district court stated that "the guidelines determinations reasonably address the real conduct of the Defendant that underlies his crime, achieves the goals of Section 3553(a) and provides an appropriate sentence." Thus, the record in the instant case reflects that the district court listened to and considered Reynoso's arguments but simply found the circumstances insufficient to warrant a lesser sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). The court's failure to give additional reasons does not constitute clear or obvious error.

If the district court's decision is procedurally sound, we will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita*, 551 U.S. at 347 (2007) (holding that an appellate court may apply a presumption of reasonableness to a sentence within a properly calculated guidelines range). Reynoso contends that his sentence is

No. 10-30968

substantively unreasonable because it fails to reflect his cooperation with the government.

As already discussed, the district court heard and considered Reynoso's arguments for a more lenient sentence based on his cooperation with the government but rejected them, determining that a within-guidelines sentence was appropriate in light of the Guidelines, the § 3553(a) factors, and the policy statements. Reynoso's argument is nothing more than a request for this court to re-weigh the § 3553(a) factors. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Furthermore, Reynoso's sentence is presumed reasonable because it was within the guidelines range. *See Alonzo*, 435 F.3d at 554. A defendant's disagreement with the propriety of his sentence does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (upholding the presumption of reasonableness of a within-guidelines sentence where the appellant argued that the Guidelines overstated the seriousness of his offense and his motive for returning justified a sentence below the guidelines range); *Rodriguez*, 523 F.3d at 526 (concluding that various arguments for a non-guidelines sentence presented "no reason to disturb" the presumption of reasonableness).

AFFIRMED.